**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4637

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERIC BREON SIMONS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Senior District Judge.  (2:19-cr-00168-RBS-DEM-1)

Submitted:  July 30, 2024                                    Decided:  August 1, 2024

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Andrew M. Stewart, SLOANE STEWART, PLLC, Fairfax, Virginia, for Appellant.  Kristin Greene Bird, Assistant United States Attorney, Norfolk, Virginia, Megan Marina Montoya, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deric Breon Simons appeals the 348-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to interference with commerce by robbery and conspiracy to commit same, in violation of 18 U.S.C. §§ 1951, 2, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On appeal, Simons' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal. Though notified of his right to do so, Simons has not filed a pro se supplemental brief. The Government now moves to dismiss based on the appeal waiver contained in Simons' plea agreement. Through counsel, Simons states that he does not oppose the Government's motion. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

2

We have reviewed the plea agreement and the transcript of the Rule 11 hearing and conclude that the waiver is valid and enforceable. In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver's scope or are not waivable by law. We therefore grant the Government's motion to dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the judgment. This court requires that counsel inform Simons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simons.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3